PERSONNEL OF COLLEGE OF OSTEOPATHIC MEDICINE — SOVEREIGN IMMUNITY The issue of personal liability and the applicability of the doctrine of sovereign immunity to the question of personal liability in any given case are factual determinations dependent upon the surrounding facts and circumstances in that particular case, which can only be resolved in a court of law by the jury, or the court sitting as the trier of the facts. Since 70 O.S. 4313 [70-4313] (1975) is void, no legislative authorization to purchase liability insurance is made by that statute. Under 74 O.S. 20 [74-20](e) (1974), the Attorney General is not authorized to provide legal defense services in any medical malpractice action filed against any full-time clinical instructional faculty member, volunteer adjunct clinical faculty member, other officials and employees of The Oklahoma College of Osteopathic Medicine and Surgery, or members of the Oklahoma State Regents for Higher Education. The Attorney General has considered your request for an opinion, wherein you ask the following questions: "1. Do full-time clinical instructional faculty members, volunteer adjunct clinical faculty members, other officials and employees of The Oklahoma College of Osteopathic Medicine and Surgery, and members of the Oklahoma State Regents for Higher Education have the sovereign immunity of the State of Oklahoma from any personal liability arising from the pursuit of their employment? "2. Does the professional liability insurance authorized to be purchased under the provisions of Title 70 O.S. 4313 [70-4313] (1975), include medical malpractice insurance? "3. If the answers to question number one and question number two are affirmative, does the failure to purchase liability insurance negate the sovereign immunity to the extent that liability insurance is authorized? "4. Does sovereign immunity obtain for malpractice damage claims in excess of the liability insurance authorized? "5. In the event that malpractice damage suits are filed against any person in any of the groups specified in question number one, is the Attorney General of the State of Oklahoma authorized to defend these individuals?" Concerning personal liability, generally all persons, regardless of whether or not they are state officers or employees, have a statutory duty to abstain from injuring the person or property of another. Title 76 O.S. 1 [76-1] (1971) provides as follows: "Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his rights." Concerning the doctrine of sovereign immunity, this doctrine has for its purpose the protection of the State from liability. In Attorney General Opinion 74-221, 7 Op.Ag. 198, the rule is set forth that the doctrine of sovereign immunity is applicable to the State of Oklahoma, and that an action against a state official for injuries caused by an act, which exceeds such official's lawful authority, does not constitute a suit against the State, and, therefore, such official is afforded no protection from personal liability under the doctrine of sovereign immunity. Concerning the extent of personal liability and the applicability of the doctrine of sovereign immunity to the question of personal liability in any given case, the same are factual determinations, dependent upon the surrounding facts and circumstances in that particular case, which must be determined in a court of law by the jury, or the court sitting as the trier of facts, and cannot be passed upon in an opinion of the Attorney General. Thus, no definitive answer can be given to your first question. Concerning your second question, 70 O.S. 4313 [70-4313] (1975) provides as follows: "It is the intent of the Legislature that the Oklahoma State Regents for Higher Education shall recognize a need for and the various boards of regents in the Oklahoma State System of Higher Education be and are hereby authorized to provide liability insurance to indemnify employees of institutions and members of boards of regents in the Oklahoma State System of Higher Education while performing their official duties provided such liability shall not exceed three hundred thousand dollars ($300,000) and provided further that the Board of Regents may in their discretion pay the premium for such insurance from the regular operating budget funds of the State System." The foregoing provision was enacted as Section 16, Chapter 294, O.S.L. 1975. The title of Chapter 294, O.S.L. 1975 reads as follows: "An Act Relating to the Oklahoma State Regents for Higher Education Making Appropriations Thereto; Stating the Purposes; Expressing Legislative Intent for the Accomplishment of Specific Projects or Programs; Authorizing Establishment of Certain Educational Programs and Providing Authority to Confer Certain Certificates; Making Reappropriations; Expressing Legislative Intent as Priorities to Resident Students; Providing Lapse Date; Making Provisions of this Act Severable; Declaring an Emergency." It is clear from the foregoing title of Chapter 294, O.S.L. 1975, that it contains no reference to liability insurance or authorization to purchase liability insurance, which is dealt with and provided for in Section 16 of Title 294, O.S.L. 1975. It is clear that the subject of liability insurance is not encompassed in the title of the act. Under Article V, Section 57 of the Oklahoma Constitution, it has been held that all parts of an act which are not within its title are unconstitutional and void, even though such provisions might properly have been included in the act under a broader title. Oklahoma Tax Commission v. Texas Company, 182 Okl. 91, 76 P.2d 389
(1938); State v. Horner, 48 Okl. Cr. 141, 290 P. 197
(1930); Oklahoma City v. Priteo, 482 P.2d 919 (Okl. 1971). Further, the Legislature itself having selected a particular title is bound by it. Beckham County Excise Board v. Lowden, 189 Okl. 348, 117 P.2d 109 (1941). The subject expressed in a title to an act fixes a limit upon the scope of the act and all parts of the act which are not within the title are unconstitutional and void, even though such provision might properly have been included in the act under a broader title. Oklahoma City v. Priteo, supra. From the foregoing, it necessarily follows that 70 O.S. 4313 [70-4313] (1975) is unconstitutional and void. Your second question is, therefore, answered as follows: Since 70 O.S. 4313 [70-4313] (1975) is void, no legislative authorization to purchase liability insurance is made by that statute. In view of the answer to question two, your third question is not reached. In view of the answer to question two, your fourth question is not reached. The answer to your fifth question is controlled by the provisions of 74 O.S. 20e [74-20e] (1975). This statute reads as follows: "A. The members of the Board of Regents of member institutions of the Oklahoma State System of Higher Education and all administrators of such institutions, including but not limited to presidents, vice presidents and deans, shall be entitled legal defense services by the legal counsel for such Board of Regents or institution, or by the Attorney General in any civil suit resulting from acts or omissions which the Attorney General has determined to have occurred within the scope of and a rising out of the official duties performed by those persons in behalf of the state. "B. The fact that the Attorney General is to provide a defense under subsection A shall not be admissible in any civil suit and any mention of such fact shall be deemed grounds for mistrial." From a plain reading of the foregoing statutory provision, it is clear that it is generally applicable to members of the board of regents of member institutions and administrators at individual institutions, and does not encompass faculty members or other non-administrative employees or volunteers of a member institution of the State System. In addition, a medical malpractice action is, by definition, an action against a physician personally in his capacity as a physician; and, consequently, cannot be maintained against one who is not a medical practitioner. See, Black's Law Dictionary, Revised 4th Edition, page 1111. It would, therefore, follow that the Attorney General is not authorized, pursuant to 74 O.S. 20e [74-20e] (1975), to provide legal defense services in any medical malpractice action filed against any person in any of the groups specified in question number one. It is, therefore, the opinion of the Attorney General that your first question cannot be definitively answered, since the issue of personal liability and the applicability of the doctrine of sovereign immunity to the question of personal liability in any given case are factual determinations dependent upon the surrounding facts and circumstances in that particular case, which can only be resolved in a court of law by the jury, or the court sitting as the trier of the facts. It is the further opinion of the Attorney General that since 70 O.S. 4313 [70-4313] (1975) is void, no legislative authorization to purchase liability insurance is made by that statute. It is the further opinion of the Attorney General that since 70 O.S. 20e [70-20e] (1975), the Attorney General is not authorized to provide legal defense services in any medical malpractice action filed against any person in any of the groups specified in question number one. (Gerald E. Weis)